1  Shahbod D. Kerendian, State Bar No. 183057
   shab@ka-firm.com
2  Verlan Y. Kwan, State Bar No. 243246
   verlan@ka-firm.com
3  KERENDIAN & ASSOCIATES, INC.
   11755 Wilshire Blvd., 15th Floor
4  Los Angeles, California 90025
   Tel:  (310) 914-4143/ Fax (310) 914-5441
5
6  John Burton, State Bar No. 86029
   jb@johnburtonlaw.com
   THE LAW OFFICES OF JOHN BURTON
7  65 North Raymond Avenue, Suite 300
   Pasadena, California  91103
8  Tel:  (626) 449-8300/Fax: (626) 449-4417

9  Attorneys for Plaintiffs

10            UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12

13  XYZ DISTRIBUTORS, Inc.,          Case No.  CV11 05301 JAK (FFMx)
    BEHNAM PARTIYELI and
14  FARZAD PARTIYELI,                COMPLAINT FOR DAMAGES FOR
                                     VIOLATIONS OF CIVIL RIGHTS
15            Plaintiffs,            UNDER COLOR OF STATE LAW
                                     AND SUPPLEMENTAL STATE-
16        v.                         LAW TORTS

17  COUNTY OF LOS ANGELES,           DEMAND FOR JURY TRIAL
    CITY OF VERNON, LOS
18  ANGELES SHERIFF'S
    DEPARTMENT, SERGEANT JIM
19  ANDERSON, DEPUTY SHERIFF
    JEFFERY JACKSON, and DOES 1
20  to 10,

21            Defendants.

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' state-law claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Plaintiffs' claims arise out of a course of conduct involving officials of the County of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district.

**PARTIES**

3.      Plaintiffs Behnam "David" Partiyeli and Farzad "Fred" Partiyeli are adults competent to sue. David Partiyeli was age 46 and Fred Partiyeli age 44 at the time of the incident. They are the officers and shareholders of plaintiff XYZ Distributors, Inc., (XYZ) a California corporation doing business in Vernon, California.

4.      Defendant County of Los Angeles (COLA) is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors, and their agents and officers. Defendant Los Angeles Sheriff's Department (LASD) is a public agency subject to suit.

5.      Defendant City of Vernon, as of the time of the filing of this complaint, was a city incorporated under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a City Council, and its agents and officers.

6.      Defendants Detective Jeffrey S. Jackson (#281373) and Sergeant Jim Anderson are LASD deputy sheriffs. In committing the acts herein alleged, they acted within the scope of his employment and under color of state law.

7.      On information and belief, plaintiffs allege that defendants acted in concert with agents and employees of Target Corporation (Target), The Vons Companies, Inc., (Vons), Gillette, the government of the United States and the Federal

1   Bureau of Investigation (FBI), the Los Angeles Police Department (LAPD) and other
2   governmental and private entities and actors.  As of the filing of this complaint,
3   however, plaintiffs lack sufficient information and belief to name such persons,
4   companies and entities as defendants.

5        8.    The true names of defendants Does 1 through 10 are presently unknown
6   to plaintiffs, who therefore sue each of these defendants by such fictitious name; but
7   upon ascertaining the true identity of a defendant Doe, plaintiffs will amend this
8   Complaint or seek leave to do so by inserting the true name in lieu of the fictitious
9   name.  Plaintiffs are informed and believe, and on the basis of such information and
10   belief allege, that each defendant Doe herein is in some manner responsible for the
11   injuries and damages herein alleged.

12   **FACTS**
13   **Background on Plaintiffs and XYZ**

14        9.    At all times relevant hereto, plaintiffs operated XYZ out of offices and a
15   26,000-square-foot warehouse located at 2335 East 52nd Street in Vernon, California.
16   Since 1992, XYZ has been a very reputable, well established wholesale and distribution
17   business, with annual sales for many years prior to 2010 in excess of $12 million. XYZ
18   buys product from manufacturers, distributors, jobbers and wholesalers, and sells to
19   retail businesses as well as other wholesalers and distributors. Sales are made overseas
20   and on line through XYZ's own web site and commercial sites such as E-Bay.  At the
21   time of this incident, XYZ distributed product to over 150 7-11 retail stores on a daily
22   basis.

23        10.    XYZ frequently buys discontinued products, closeouts and seconds from
24   jobbers, who acquire the merchandise at liquidations and other distress sales.
25   Sometimes product is purchased and sold at steep discounts. XYZ's profit margins
26   tend to be thin, and XYZ depends on rapid turnover to stay in business.

27        11.    XYZ conducts considerable business on line, and has sophisticated
28   computers and software to manage its transactions. It has employed numerous

1   employees, uses certified accountants and pays payroll and income taxes.

2          12.    The two individual plaintiffs, brothers David Partiyeli and Fred Partiyeli,

3   have no criminal history. Both were born in Iran and are now naturalized United States

4   citizens.

5                      **The Stolen Property Investigation and the Warrant**

6          13.    Plaintiffs are informed and believe from paperwork and statements by

7   defendants that this incident arose after three people were arrested for shoplifting at a

8   Vons store in Santa Clarita. The thieves told LASD Santa Clarita detectives that they

9   were selling stolen merchandise to a "fence" operating out of a warehouse near Sixth

10   and Broadway in downtown Los Angeles. Any such operation was completely

11   unknown to and had nothing to do with XYZ or any of its principals or employees.

12          14.    Apparently, the detectives set up a "sting," and sold Gillette merchandise

13   packed in cases with a tracking device to the "fence," representing the Gillette

14   merchandise to be stolen. Plaintiffs, apparently, purchased the Gillette merchandise

15   with the tracking device from a downtown jobber in a bona fide purchase for market

16   value. Plaintiffs had no reason at all to believe that the merchandise purchased was

17   stolen.

18          15.    Apparently, through sloppy and inadequate detective work, the LASD

19   detectives confused plaintiff Fred Partiyeli with another individual, Fred Ben

20   Eneliyahu, who was well known as a "jobber" for 10 to 18 years in downtown and

21   maintained a warehouse near Sixth and Broadway. Plaintiffs had no knowledge

22   whether Fred Ben Eneliyahu had any involvement with stolen goods. XYZ did,

23   however, purchase a small amount of Gillette products, packed in cases for wholesale

24   distribution, from him in a bona fide sale for market value shortly before the raid.

25          16.    On or about June 22, 2010 Detective Jeffrey Jackson applied for and

26   obtained a search warrant, No. 19-086, from Los Angeles Superior Court Judge

27   Graciela L. Freixes of the North Valley District, Santa Clarita Courthouse. In the

28   application for the warrant, Detective Jackson knowingly or recklessly made several

1   false and misleading representations and omitted facts material to the determination of
2   probable cause.

3       17.     For example, Det. Jackson wrote that LAPD detectives determined that
4   "product sold" at the downtown location "was transported to" XYZ. There is no
5   indication that the aforementioned "product sold" was stolen, or that the transaction
6   with XYZ was anything other than a bona fide sale for market value. There are no
7   supporting facts on how the LAPD acquired the information or on what that
8   conclusion was based. There is mention of a confidential informant, but no statement
9   of what he or she said about XYZ, no basis to determine whether the informant was
10  reliable, and no suggestion than anything the informant said was ever corroborated or
11  had anything to do with XYZ.  It is false that stolen goods purchased at the downtown
12  location were transported to the XYZ warehouse for storage and resale. As mentioned
13  above, the one transaction tracked by GPS was part of a bona fide sale for value.

14      18.     Regardless, the application did not state sufficient probable cause for the
15  search of the XYZ warehouse and the other areas specified therein, and did not justify
16  the seizure of the items listed in the warrant application – computers and electronic
17  media – much less the inventory not identified for seizure in the warrant application.
18  The application fails to provide any nexus between XYZ and the persons involved in
19  trafficking of the stolen merchandise.  The application does not mention any principal
20  or employee of XYZ, or any nexus between any such person and the purchase of the
21  alleged stolen property at the downtown Los Angeles location. Furthermore, the
22  application fails to provide re is no indication that the detectives exercised any due
23  diligence concerning XYZ before applying for the warrant. The application only
24  vaguely alleges that some unidentified merchandise somehow wound up in the XYZ
25  warehouse. The crucial link – some indication that the people at XYZ who acquired
26  the purportedly stolen merchandise from the downtown location had reason to suspect
27  it was stolen – is not stated in the warrant application.

28      19.     The warrant application submitted by Det. Jackson and signed by Judge

1   Freixes did not itemize with reasonable particularity the places to be searched or items
2   to be seized. Instead, it just stated that the detectives could look everywhere for and
3   seize all computer equipment and electronic media, and spend as long as they want
4   searching through memory, including deleted files, for evidence of transactions in
5   stolen property. The warrant authorized the indefinite seizure and search of all
6   computers and electronic storage  media, including cell phones and related devices, to
7   see whether "a thorough examination of all seized items of computer evidence . . . will
8   lead to the discovery of additional evidence that a crime has occurred by the selling of
9   stolen property" through a web site. As such, the warrant was in fact a general warrant
10  in violation of both the letter and spirit of the Fourth Amendment.

11            **The Execution of the Warrant and the Arrest of Fred Partiyeli**

12            20.    On June 24, 2010, at about 10:00 a.m., a large task force comprised of
13  deputy sheriffs from the Santa Clarita Valley Detective Bureau of the Los Angeles
14  Sheriff's Department, various Vernon Police Department officers, employees of
15  Target, Vons and Gillette, perhaps some federal agents and Los Angeles Police
16  Department officers, and others whose identities and employers are presently not
17  known to plaintiffs, executed the facially invalid warrant at the XYZ Vernon
18  warehouse.  As stated above, plaintiffs do not have sufficient facts at this time to name
19  any of these additional individuals or entities as defendants.  Present  at the time of the
20  raid were Fred Parityeli, his father and his minor son, 14 employees, and a customer.
21  Defendants and the others barged into the warehouse, SWAT style, pointing firearms
22  and yelling commands at everyone present.

23            21.    Fred Parityeli was taken to his office and interviewed by the LASD
24  defendants.  He cooperated with the investigators and answered all their questions. It
25  was in the course of this interrogation that he learned the detectives were probably
26  confusing him with Fred Ben Eneliyahu. Fred Partiyeli told an LASD sergeant that
27  there was a veteran jobber in the area, by the name of Fred Ben Eneliyahu, well known
28  in the Los Angeles wholesale district, and Farzad Partiyeli had heard that he had a

1   warehouse on the sixth floor at Sixth and Broadway in downtown Los Angeles. He

2   recalled to the investigators that the jobber Fred had sold some Gillette merchandise to

3   XYZ the day before.

4         22.    Nevertheless, defendants arrested Fred Parityeli without probable cause,

5   and took him all the way from Vernon to the Santa Clarita sheriff's substation. Fred

6   Parityeli  held for about 18 hours, at the end of which he was released pursuant to Cal.

7   Penal Code § 849(b)(1).

8         23.    Meantime, the defendants spent three days – not finishing until about

9   8:00 p.m. on Saturday, June 26 – executing the warrant. Defendants seized items not

10   listed for seizure in the warrant, including $48,105.00 in cash from a safe. Defendants

11   hauled off approximately 85 percent of the XYZ inventory, which had a value of about

12   $4 million, in fifty truckloads of Target and, perhaps, Vons trucks.

13         24.    The warrant did not authorize the seizure of cash, the taking of any

14   inventory or the arrest of Fred Partiyeli. There were no subsequent arrests and no

15   prosecution relating to any of the seizures at XYZ.

16               **The Aftermath of the Raid**

17         25.    During and following the search, defendants told XYZ customers and

18   vendors that XYZ had been seized due to criminal activity and is no longer in business.

19   LASD Sgt. Jim Anderson announced to the media about XYZ that "the warehouse

20   owners paid shoplifters for goods they stole at retailers across Los Angeles County,"

21   and called "XYZ Distributors in Vernon" a place "where the fenced goods were

22   processed for resale." According to one report, "Anderson said that after their

23   investigation on Thursday, the business owner was arrested and faces felony charges of

24   receiving stolen property. 'He does dabble in some legitimate trade, but his ability to

25   operate at all is based on this illegal activity,' [Sgt. Anderson] concluded." Elsewhere,

26   Sgt. Anderson stated, "that all of the product may not be stolen, but that a good

27   portion of it could be tainted with drug money." Sgt. Anderson had no basis in fact

28   whatsoever for these statements, and uttering them, or words to similar effect, to

1   customers, vendors and the media, constituted "defamation plus" and entitles
2   defendant to damages under the Federal Civil Rights Act.

3       26.   To this date, one can "google" XYZ Distributors and access these news
4   reports, which defendants never corrected, leaving a permanent and indelible stain on
5   plaintiffs' previously pristine business reputation.

6       27.   Defendants took other actions during and after the raid to damage
7   plaintiffs' business and reputation.  Plaintiffs are still in the process of tabulating all
8   those acts and the resulting damages, but among other things, defendants improperly
9   froze bank accounts and froze and seized the PayPal account of XYZ on E-Bay, where
10  the plaintiff company transacted considerable business.

11      28.   Plaintiffs were compelled to engage civil and criminal defense attorneys to
12  secure the prompt return of their money, inventory and computers. Despite plaintiffs'
13  voluntarily producing invoices to demonstrate that the seized inventory was not stolen,
14  defendants refused to cooperate by returning any of the property seized.  After
15  attempts to informally resolve or at least narrow the dispute went nowhere – mostly
16  because defendants did not present a case to the Los Angeles County District
17  Attorney's Office and would not return plaintiffs' attorneys' phone calls – in July 2010,
18  plaintiffs filed a motion for return of the property with Judge Freixes. Without any
19  basis, defendants opposed the motion.

20      29.   On September 3, 2010, Judge Freixes granted the motion to compel the
21  return of plaintiffs' property.  The minute order states:

22          The Court finds seizure pursuant to search of XYZ Distributors
23          Warehouse exceeded the scope of warrant issued by the Court. Los
24          Angeles Sheriff's Department is ordered to return . . . [the seized
25          computer equipment and electronic memory,] U.S. currency of $48,105.00
26          and 50 truckloads of merchandise removed from XYZ Distributors
27          Warehouse on 6/25/2010.

28  Accordingly, that the defendants seized property beyond the scope of the warrant has

1  been determined by a court in an action to which defendants were a party and is now
2  collateral estoppel.

3  **DAMAGES**

4      30.    Plaintiffs have been economically devastated by the foregoing events.
5  They lost access to all their business records, including orders, accounts receivables,
6  and sales records, for almost three months. They lost all their credit lines. They lost
7  access to $4 million worth of goods they needed to sell or deliver. They were forced to
8  lay off irreplaceable employees with significant knowledge of their business affairs.
9  They lost an invaluable amount of goodwill. They lost their lucrative 7-11 retail
10 accounts. Plaintiffs lost the opportunity to conduct business, and lost past and future
11 income. In fact, plaintiffs have incurred substantial losses, and will continue to incur
12 losses in the future. Plaintiffs are still assessing their business losses, which are ongoing,
13 and will present proof at trial of their past and future losses. These losses amount to
14 millions of dollars.

15     31.    As a direct and proximate result of the aforesaid acts, omissions, customs,
16 practices, policies and decisions of the defendants, the individual plaintiffs were injured
17 in their health and person. They suffered and will continue to suffer great mental and
18 physical suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,
19 embarrassment, harm to reputation, and apprehension, which have caused plaintiffs to
20 sustain damages in a sum to be determined at trial. XYZ has sustained irreparable
21 damage to its business reputation and damage to its goodwill.

22     32.    As a further direct and proximate result of the acts, omissions, customs,
23 practices, policies and decisions of the defendants, plaintiffs incurred legal expenses,
24 which have caused plaintiffs to sustain damages in a sum to be determined at trial.

25     33.    The individually named and doe defendants, excluding defendants County
26 of Los Angeles, Los Angeles Sheriff's Department, and City of Vernon, acted under
27 color of law, and both separately and in concert. The aforementioned acts of the
28 defendants, and each of them, was willful, wanton, malicious and oppressive, with

1   reckless disregard or with deliberate indifference and with the intent to deprive

2   plaintiffs of their constitutional rights and privileges, and did in fact violate the

3   aforementioned rights and privileges, entitling plaintiffs to exemplary and punitive

4   damages in an amount to be proven at the trial of this matter.

5   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6   34.   On December 20, 2010, plaintiffs filed claims for damages with COLA

7   and the City of Vernon based on the events and allegations alleged in this complaint.

8   On February 3, 2011, both entities gave notice that they were denying the claims.

9   Plaintiffs timely filed this complaint thereafter.

10   **CLAIMS FOR RELIEF**

11   **FIRST CLAIM FOR RELIEF**

12   **DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

13   35.   Defendants, and each of them, while acting under color of law, deprived

14   plaintiffs of their constitutional rights by violating rights under the First, Fourth, Fifth

15   and Fourteenth Amendments.  These violations include, but are not limited to,

16   obtaining a warrant invalid for (1) lack of probable cause, (2) false or misleading

17   statements and omissions, and (3) lack of particularity. The warrant was served in an

18   unreasonable manner, and defendants seized items not authorized for seizure by the

19   warrant.  Defendants without justification refused to return plaintiffs' property, and

20   thereby denied them property without due process of law. Defendants subjected

21   plaintiffs to excessive force, detention and arrest not based on reasonable suspicion or

22   probable cause. Defendants subsequently defamed plaintiffs to their customers and

23   vendors, and in the media, causing extensive damages to their personal and business

24   reputations and to XYZ's goodwill.

25   36.   The above acts and omissions, while carried out under color of law, have

26   no justification or excuse in law, and instead constitute a gross abuse of governmental

27   authority and power, shock the conscience, are fundamentally unfair, arbitrary and

28   oppressive, and unrelated to any activity in which governmental officers may

1  appropriately and legally undertake in the course of protecting persons or property, or
2  ensuring civil order.  The above acts and omissions were consciously chosen from
3  among various alternatives.

4      37.     Plaintiffs are informed and believe and thereon allege that, at all times
5  herein mentioned, defendants COLA and LASD, with deliberate indifference, and
6  conscious and reckless disregard to the safety, security and constitutional and statutory
7  rights of plaintiffs, including the right to be free from unreasonable searches and
8  seizures under the Fourth Amendment, and the right to procedural and substantive due
9  process, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or
10  applied, among others, the following policies, practices and customs:

11      (a)     failing to adequately train, supervise, and control its deputies in the
12          constitutional limits to investigations and the law applicable to warrants;
13      (b)     failing to adequately train, supervise and control its deputies in searches,
14          detention and/or arrest;
15      (c)     failing to adequately discipline deputies involved in constitutional
16          violations or otherwise abusing their authority; and
17      (d)     condoning and encouraging its deputies in the belief that they can violate
18          the rights of persons such as the plaintiff in this action with impunity, and that
19          such conduct will not adversely affect their opportunities for promotion and
20          other employment benefits.

21      38.     As a direct and proximate result of the foregoing, plaintiff sustained injury
22  and damage as proved.

**SECOND CLAIM FOR RELIEF**

**(Cal. Civ. Code §§ 51.7, 52 and 52.1)**

25      39.     Defendants' conduct constituted interference by violence, threats,
26  intimidation, or coercion, or attempted interference, with the exercise of enjoyment by
27  plaintiffs of rights secured by the Constitution and laws of the State of California,
28  including interference with plaintiffs' rights to be secure in their person and free from

- 11 -

1   unreasonable searches and seizures under Cal. Const. Art. 1 sec. 13.

2       40.    Defendants acted out of a discriminatory, anti-immigrant and anti-

3   Middle-East animus, perceiving the individual plaintiffs to have these characteristics.

4       41.    The foregoing wrongful acts of defendants caused plaintiffs injuries and

5   damages as alleged in this complaint.

6       42.    Each of the two individual plaintiffs is entitled to statutory damages of

7   $25,000.00.

8                           **THIRD CLAIM FOR RELIEF**

9                        **(Conversion and Trespass to Chattels)**

10      43.    Defendants seizure of personal property and refusal to return the

11  property on demand interfered with plaintiffs' rights to possession of that property and

12  resulted in a conversion of the property.

13      44.    As a direct and proximate cause of the aforementioned acts of

14  defendants,  plaintiffs were injured as set forth above, and are entitled to

15  compensatory and punitive damages according to proof.

16                          **FOURTH CLAIM FOR RELIEF**

17                  **(Interference with Prospective Business Advantage)**

18      45.    By virtue of the foregoing, defendants deliberately interfered with

19  plaintiffs' prospective business advantages proximately causing their injuries.

20      46.    As a direct and proximate cause of the aforementioned acts of

21  defendants, plaintiffs were injured as set forth above, and are entitled to compensatory

22  and punitive damages according to proof.

23                           **FIFTH CLAIM FOR RELIEF**

24                               **(Negligence)**

25      47.    By virtue of the foregoing, defendants owed plaintiffs  a duty of due care,

26  and that duty was breached in that defendants' negligence and failure to exercise due

27  care in dealing with plaintiffs proximately causing their injuries.

28      48.    As a direct and proximate cause of the aforementioned acts of

                                    - 12 -

1   defendants, plaintiffs were injured as set forth above, and are entitled to compensatory

2   damages according to proof.

**PRAYER**

4          WHEREFORE, plaintiffs requests relief as follows, and according to proof,

5   against each defendant:

6          1.     General and compensatory damages in an amount according to proof;

7          2.     Special damages in an amount according to proof;

8          3.     Exemplary and punitive damages against each defendant other than the

9   County of Los Angeles, the Los Angeles Sheriff's Department, and the City of Vernon,

10  in an amount according to proof;

11         4.     Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and under

12  California Civil Code §52, and 52.1; and,

13         5.     Such other relief as may be warranted or as is just and proper.

14

15  Dated: June 24, 2011                  KERENDIAN & ASSOCIATES, INC.
                                          THE LAW OFFICES OF JOHN BURTON
16

17

18                                        By:_____
                                                      John Burton
19                                                Attorneys for Plaintiffs

20                                 **DEMAND FOR JURY TRIAL**

21       Plaintiffs demand trial by jury.

22  Dated: June 24, 2011                  KERENDIAN & ASSOCIATES, INC.
23                                        THE LAW OFFICES OF JOHN BURTON

24

25                                        By:_____
                                                      John Burton
26                                                Attorneys for Plaintiffs

27

28

- 13 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 5301 JAK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| XYZ Distributors, Inc., Behnam Partiyeli and Farzad Partiyeli, | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| County of Los Angeles, City of Vernon, Los Angeles Sheriff's Department, (continued on attachment) | ) ) ) |
| *Defendant* | ) |

CV11 05301 JAK (FFMx)

Civil Action No.

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John Burton, LAW OFFICES OF JOHN BURTON
65 North Raymond Avenue, Suite 300
Pasadena, CA 91103   Tel: 626 449-8300

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

CHRISTOPHER POWERS

Date:      06/24/2011                                *Signature of Clerk or Deputy Clerk*

1181

Attachment to Summons in a Civil Action

*(Defendants continued)*

Sergeant Jim Anderson, Deputy
Sheriff Jeffery Jackson, and
Does 1 to 10,

       Defendants.

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
XYZ DISTRIBUTORS, INC., BEHNAM PARTIYELI and
FARZAD PARTIYELI

**DEFENDANTS**
COUNTY OF LOS ANGELES, CITY OF VERNON, LOS ANGELES
SHERIFF'S DEPARTMENT, SERGEANT JIM ANDERSON, DEPUTY
SHERIFF JEFFERY JACKSON and DOES 1 to 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John Burton, State Bar No. 86029
LAW OFFICES OF JOHN BURTON, 65 North Raymond Ave., Suite 300
Pasadena, CA 91103

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S.C. section 1983 - police misconduct

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL PROPERTY | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11 05301

**FOR OFFICE USE ONLY:**   Case Number:_____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  June 24, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |